IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES S. GRAHAM,<br><br>     Plaintiff,<br>vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>     Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:08cv771<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

   This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is James S. Graham's ("Plaintiff") "Petition for Writ of Habeas Corpus and Declaratory Judgment."[2] The court will construe this pleading as a complaint. As an initial matter, because Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

   In his complaint, Plaintiff seeks, among other things, to

> collaterally attack . . . the jurisdiction of the Internal Revenue Service over this Sovereign in the matter of an illegal levying of this sovereign's property and to preserve the God-given natural right to work, and control property, and those

---

[1] *See* docket no. 5.

[2] Docket no. 3.

1

other established rights and of due process guaranteed by the Constitution of the United States of America.[3]

Through Plaintiff's employer, the Internal Revenue Service ("IRS") has sought to levy $28,239.51 from Plaintiff's salary for back taxes and penalties owed for tax years 2001 and 2002. Plaintiff contends that these actions by the IRS violate the Fourth and Fifth Amendments to the United States Constitution.

Plaintiff has been granted permission to proceed without prepayment of fees under 28 U.S.C. § 1915.[4] Section 1915(e) provides that the court shall dismiss the case at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). When determining whether to dismiss for failure to state a claim under this section, courts employ the standard set forth for motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Kay*, 500 F.3d at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Essentially, courts should "'look for plausibility in th[e] complaint.'" *Alvarado*, 493 F.3d at 1215 (quoting *Twombly*, 550 U.S. at 564).

---

[3] *See id.*

[4] *See* docket no. 2.

Upon review of Plaintiff's complaint, Plaintiff has failed to establish that the court has jurisdiction over his claims. The United States Tax Court has exclusive jurisdiction over claims relating to income tax liability. *See Redeker-Barry v. United States*, 476 F.3d 1189, 1191 (11th Cir. 2007) ("We are persuaded by the reasoning of the other circuits that have addressed this claim and concluded that an alleged due process violation does not confer subject-matter jurisdiction on the district court if the underlying claim involves income tax issues."); *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (holding that subject matter jurisdiction was lacking over due process challenge because the Tax Court has jurisdiction over cases involving income taxes); *Marino v. Brown*, 35 F.3d 143, 146 (1st Cir. 2004) (holding that the Tax Court had exclusive jurisdiction over tax protester's challenge to notice of determination upholding lien based on her income tax liability).

Under the Internal Revenue Code, the IRS may issue a lien and place a levy on a person's property to collect unpaid taxes. *See* 26 U.S.C. §§ 6213, 6321, 6331(a). The IRS, however, cannot levy property to collect until it notifies the taxpayer of the right to a Collections Due Process Hearing ("CDPH"). *See id.* §§ 6320(a), 6330(a); *Roberts v. Comm'r,* 329 F.3d 1224, 1227 (11th Cir. 2003). To be timely, the CDPH request must be made within thirty days of the notice. *See* 26 U.S.C. § 6330(a). When the IRS issues its notice of determination following the CDPH hearing, the taxpayer may appeal the decision within thirty days, and this appeal must be filed in the Tax Court. *See id.* § 6330(d)(1). If a taxpayer is unsuccessful in the Tax Court, the taxpayer may appeal the Tax Court decision to the applicable Circuit Court of Appeals. In the instant case, Plaintiff has failed to allege that he was not notified of a right to a CDPH. Further,

Plaintiff has not stated whether he pursued such a hearing, and if so, whether he appealed that determination to the Tax Court.

In any event, district courts have no jurisdiction over civil claims challenging taxes unless the litigant first pays the assessed tax and then raises such claims in a refund suit. *See id.* § 7421(a) (prohibiting suits to restrain assessment or collection of taxes); *Glass v. I.R.S.*, 21 Fed. App'x. 870, 872 (10th Cir. 2001) ("District courts have no jurisdiction over civil claims challenging taxes unless litigants first pay the assessed tax and then raise these claims in a refund suit."). In this case, Plaintiff has failed to identify any basis for this court's jurisdiction over his claims against the IRS regarding its levy of his wages. Even if this court had jurisdiction, however, Plaintiff's claims should be dismissed. At their heart, his claims appear to challenge the federal government's power to tax wages or to tax individuals at all, and such claims have been universally rejected. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). Thus, Plaintiff has failed to state any cognizable claim against the IRS.

## RECOMMENDATION

Because the complaint fails to state a claim upon which relief may be granted, this court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Copies of this Report and Recommendation are being mailed to Plaintiff, who is hereby notified that he has the right to object to the Report and Recommendation. *See id.* § 636(b). He is further notified that he must file any objections within fourteen (14) days after

receiving it.  *See id.*  Failure to file objections may constitute a waiver of those objections on subsequent review.

DATED this 3rd day of December, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge